Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 553 | **DATE** | 9/22/2004 |
| **CASE TITLE** | Werner Von Pein vs. Hedstrom Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION:** Plaintiff's motions in limine are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: SCT

date docketed: SEP 23 2004

Document Number: 55

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 23 2004

WERNER VON PEIN,                )
                                )
            Plaintiff,           )
                                )
    vs.                          )    04 C 553
                                )
HEDSTROM CORPORATION,           )
                                )
            Defendant.           )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before the court are four motions *in limine* brought by Plaintiff Werner von Pein ("von Pein"). For the reasons set forth below, von Pein's motions are denied.

## BACKGROUND

Defendant Hedstrom Corporation ("Hedstrom") is a manufacturer and marketer of children's toys and outdoor recreational products. In June 2000, Hedstrom retained von Pein as a temporary executive consultant for its ERO Division ("ERO"). On November 1, 2000, Hedstrom hired von Pein to work full-time as ERO's Vice President and General Manager. In this position, von Pein had overall responsibility for the ERO business and reported directly to Michael Johnston ("Johnston"), Hedstrom's President and CEO.



On March 14, 2002, Johnston drafted a letter (the "Severance Agreement") to von Pein that provided for severance payments in the event that von Pein's "employment [is] terminated for any reason other than cause." Von Pein's Severance Agreement specified that if he was fired without "cause," he would receive one year's base salary and that Hedstrom would continue to pay his health and life insurance benefits for one year.

On the morning of December 12, 2002, Johnston fired von Pein. For one month following von Pein's discharge, Hedstrom paid von Pein's salary and his benefits under the Severance Agreement. That evening, several Hedstrom employees took von Pein out for a going away dinner. It is alleged that during this dinner von Pein discussed competing against Hedstrom. Shortly thereafter, various individuals who were present at the dinner, or had knowledge of what was purportedly said at the dinner, provided Johnston with information and statements regarding the alleged conversation.

On January 13, Hedstrom informed von Pein that it was suspending his severance payments because it believed that von Pein had removed confidential proprietary information and was preparing to form a business venture that would compete with Hedstrom. Four days later, Hedstrom sent von Pein a Settlement Agreement and General Release ("the Non-Compete Agreement") that offered to pay the remainder of von Pein's salary and benefits under the Severance Agreement in

exchange for von Pein's returning any proprietary information and refraining from suing Hedstrom or competing with Hedstrom for three years. Von Pein refused to sign the Non-Compete Agreement.

Von Pein contends that the initial health benefits and salary payments Hedstrom made after the date of von Pein's termination indicate Hedstrom's willingness to honor the terms of the Severance Agreement. Von Pein further contends that Johnston decided to terminate the severance payments based upon the information that he had received regarding the statements von Pein allegedly made at the going away dinner. Conversely, Hedstrom maintains that the payments made to von Pein in the month following his discharge were made gratuitously due to von Pein's purported financial problems and Hedstrom's desire to avoid a confrontational separation.

On March 28, 2003, von Pein, who resides in Connecticut, filed the present lawsuit in the Southern District of New York, alleging breach of the Severance Agreement and violation of the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1 *et seq*. On May 8, 2003, Hedstrom answered von Pein's complaint and filed a counterclaim alleging breach of fiduciary duty of loyalty. On January 12, 2004, Judge Richard P. Casey transferred the case to this court. Discovery has been completed and the case is poised for trial. Von Pein has filed various motions *in limine*.

## LEGAL STANDARD

A federal district court's authority to manage trials includes the power to exclude evidence pursuant to motions *in limine*. Falk v. Kimberly Services, Inc., 1997 WL 201568, *1 (N.D. Ill. 1997). However, a court has the power to exclude evidence *in limine* only when that evidence is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). A district court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pretrial context via a motion *in limine*. Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). For this reason, certain evidentiary rulings should be deferred to trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. Hawthorne Partners, 831 F. Supp. at 1400. Denial of a motion *in limine* does not automatically mean that all evidence contemplated by the motion will be admitted at trial. Id. at 1401. Instead, the court will entertain objections to individual proffers as they occur at trial. Id. In any event "the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Luce v. U.S., 469 U.S. 38, 41-42 (1984). With these principles in mind, we turn to the present motions.

## DISCUSSION

Von Pein's first motion *in limine* seeks to bar the introduction of eleven exhibits that Hedstrom has submitted pursuant to the final pretrial order. Von Pein contends that these exhibits contain after-acquired evidence or, put another way, evidence that Hedstrom uncovered *after* making the decision to terminate von Pein on December 12, 2001. Further, von Pein moves this court to exclude any testimony by Johnston that would consist of after-acquired evidence. Specifically, von Pein seeks to bar testimony relating to: (1) Johnston's terminating von Pein because von Pein took confidential documentation or other company records, and (2) Johnston's terminating von Pein because von Pein was planning to set up a competing business. Von Pein further argues that pursuant to a previous ruling issued by this court,[1] the doctrine of the law of the case dictates that we should presumably adhere to rulings made at a prior stage of the proceedings throughout the suit. See Alston v. King, 157 F.3d 1113, 1116 (7th Cir. 1998).

Hedstrom counters that von Pein's motion to exclude after-acquired evidence is expressly made as to his claim that he was terminated without "cause" under the

---

[1] On May 4, 2004 this court issued a Memorandum Opinion on Plaintiff's Motion for Summary Judgment and ruled that evidence of employee misconduct, unknown to the employer at the time of firing, cannot later be used to support a finding that the employee was terminated "for cause" based on his misconduct.

Severance Agreement and that von Pein's summary judgment motion, as well as this court's opinion denying that motion, addressed the after-acquired evidence doctrine only in the context of von Pein's breach of employment contract claim. Further, Hedstrom argues that since its counterclaim against von Pein for breach of fiduciary duty of loyalty is not dependent or related to a termination decision or date, the after-acquired evidence doctrine has no conceivable application.

With any relevancy consideration, a court must first determine the purpose for which the evidence is being offered. Fed. R. Evid. 402. The evidence must increase the factfinder's knowledge and enhance the likelihood of ascertaining the truth about the facts at issue. See Fed. R. Evid. 402 advisory committee's note. It is well settled that evidence may be irrelevant and thus inadmissible when offered for one purpose but meet the threshold relevancy requirements for admissibility when offered for another purpose. See generally Minnesota Mining & Manufacturing Co. v. Pribyl, 259 F.3d 587 (7th Cir. 2001). This proposition is exemplified in the present case. While evidence of von Pein's alleged misconduct that was not known to Hedstrom at the time of firing is not relevant in proving that von Pein was fired "for cause" under the terms of the Severance Agreement, it is relevant to facts at issue regarding Hedstrom's counterclaim for breach of the duty of loyalty.

Under Illinois law, corporate officers "owe a duty of loyalty to their corporate employer not to (1) actively exploit their positions within the corporation for their own personal benefit, or (2) hinder the ability of a corporation to continue the business for which it was developed." Veco Corporation v. Babcock, 611 N.E.2d 1054, 1059 (Ill. App. Ct. 1993). The cause of action is not dependent upon an employee being terminated, or when a termination decision was made. The timing component only becomes operative in the application of the after-acquired evidence doctrine.

This decision does not disturb the law of the case, as it is consistent with our previous ruling that after-acquired evidence pertaining to von Pein's termination will not be considered in determining a "for cause" termination. This evidence however, is in fact relevant when used for the purpose of proving Hedstrom's counterclaim for breach of the duty of loyalty, an issue which was not addressed in the summary judgment ruling. Consequently, von Pein's motion is denied.

Von Pein's second motion seeks to exclude Hedstrom's exhibits that were disclosed after the close of discovery. Initially, all discovery was to be completed by October 30, 2003. A signed stipulation dated October 30, 2003, endorsed by Judge Casey, extended the discovery cutoff date until November 10, 2003. Von Pein contends that three Hedstrom exhibits were first mailed to him after that date (March 5,

2004) and urges us to exclude them from the trial pursuant to Fed. R. Civ. Proc. 16(f) or 37(b)(2).

Von Pein asserts that he has been prejudiced by Hedstrom's late discovery as he did not have the opportunity to address these documents during the time that depositions were conducted of the various witnesses. Hedstrom counters that the exhibits had just come to Hedstrom's attention and were served on opposing counsel as supplements to Hedstrom's Rule 26(a) disclosures. Hedstrom contends that its discovery of the documents in question after the close of discovery was in no way negligent nor an attempt to circumvent the schedule of proceedings.

Federal district courts have wide discretion in determining discovery sanctions. Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). Moreover, "[t]he choice of an appropriate discovery sanction is primarily the responsibility of the district court." Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 283 (7th Cir. 1988). While we look unfavorably upon parties who do not abide by court-imposed deadlines, the present circumstances do not warrant the harsh remedy von Pein suggests. Von Pein's assertion that he was prejudiced because he did not have the opportunity to address the documents in question when he deposed various unspecified witnesses is unconvincing. At the time of the disclosure, no trial date had been set. Von Pein did not express any need for additional discovery precipitated by these late arrivals.

Moreover, counsel for both parties represented that they had completed discovery in paragraph (2)(j) of the final pretrial order. Von Pein could have sought a continuance to permit depositions to be taken regarding these exhibits, under Fed. R. Civ. P. 56(f), if he had wished to do so. Any prejudice that von Pein now claims could have been avoided at an earlier stage of these proceedings. Accordingly, the motion is denied.

Von Pein's third motion seeks to bar seven exhibits that purportedly contain hearsay. Hedstrom argues that all of the challenged exhibits are admissible as they fall under the business records exception contained in Fed. R. Evid. 803(6), that certain exhibits are not hearsay pursuant to Fed. R. Evid. 801(d)(2)(A), or that the exhibits are also admissible to prove facts other that the truth of the matters asserted within them. Crucial to any reasonable analysis of these arguments is the purpose for which each statement in question is being offered. This context is absent without the fuller framework of trial. Thus, the motion is presently denied.

Von Pein's fourth motion seeks to bar two general categories of evidence as irrelevant and unfairly prejudicial. The first category encompasses exhibits containing evidence relating to von Pein's intention to set up a competing business. The second consists of exhibits containing evidence relating to von Pein's relationship with an Italian business. Von Pein argues that these two categories of evidence are not relevant to whether or not von Pein was terminated "for cause" under the terms of the Severance

Agreement or alternatively, that if relevant, the prejudicial effect of the evidence renders it inadmissible. Hedstrom counters that the exhibits are relevant to Hedstrom's counterclaim for breach of fiduciary duty of loyalty. Hedstrom further argues that an executive's attempts to establish a competing business and the devotion of his time and energy to another business while working for his employer are relevant to proving the elements of the counterclaim. We agree. The evidence is relevant and the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice. Specific relevancy objections can be better addressed and answered in the fuller context of trial. Accordingly, von Pein's fourth motion *in limine* is denied.

## CONCLUSION

Based on the foregoing analysis, von Pein's motions *in limine* are denied.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 2 2 2004